**MOSHE FEINSTEIN**
**CHAVIVA FEINSTEIN,**
**AMBER CAPITAL**
**IADVANCEU LLC**
**5929 BROOKFIELD CIRCLE, E**
**FORT LAUDERDALE, FL 33312**

R E C E I V E D

AUG 1 4 2019

AT 8:30 _____M
WILLIAM T. WALSH
CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

**YISROEL MEIR LEEDER**                    **CASE NO. 3:18-cv-12384-AET-DEA**

                            Plaintiff,

            - against -

**MOSHE FEINSTEIN A/K/A MOE FEINSTEIN;**          **DEFENDANT'S MOTION TO**
**SHLOMO YEHUDA FEINSTEIN ARON**                   **SET ASIDE ENTRY OF DEFAULT**
**WASSERLAUF A/K/A MR. WASSER;**                    **AND FOR LEAVE TO FILE THE**
**KASTNER'S MARKET; KOSHER DELIGHT**               **ATTACHED ANSWER**
**LLC; DOUBLE DECKER DELI, LLC; CAPRI**            **AND AFFIRMATIVE DEFENSES**
**RISTORANTE LLC; 726 41ST LLC;**
**GROUP EIGHTEEN, INC; AM DISPLAY DIST.**
**INC.; UHCS, INC; CARLOS & GABBY'S**              **FRCP RULE 55(c), 60(b)**
**MIAMI; AMBER CAPITAL; IADVANCEU**
**LLC; AYN OD MILVADO LLC; NISSIM**
**OHAYON; CHAVIVA FEINSTEIN; SAPPHIRE**
**FUNDING LLC; LIAM DOE; JOHN DOES 1-**
**30; PROVIDE OTHERS**

                            Defendant.

-------------------------------------------------------- x

**MOSHE FEINSTEIN A/K/A MOE FEINSTEIN, CHAVIVA FEINSTEIN,**
**AMBER CAPITAL HEREBY RESPECTFULLY MOVES TO VACATE**
**THE ENTRY OF DEFAULT ON THE GROUNDS OF SURPRISE,**
**INADVERTANCE AND/OR EXCUSIBLE NEGLECT AND FURTHER**
**REQUESTS LEAVE TO FILE THE ATTACHED ANSWER**

### RULE 7-1 COMPLIANCE

1                    MOTION TO VACATE ENTRY OF DEFAULT

MOSHE FEINSTEIN A/K/A MOE FEINSTEIN, CHAVIVA FEINSTEIN, hereby certifies that they have made a good faith effort to confer with Attorney for Plaintiff, YISROEL MEIR LEEDER ("Plaintiff") to resolve the subject of this motion, but the parties have been unable to resolve the dispute prior to filing this motion.

## MOTION TO SET ASIDE ENTRY OF DEFAULT

### INTRODUCTION

Plaintiff is claiming that various investments he made with the Defendants have soured and he has not been repaid an exorbitant rate of interest by the named defendants.  The complaint fails to specify the time for repayment, and when the Plaintiff did not get his investment returned with the high rate of interest, he even unlawfully made unauthorized attempts to withdraw more than $200,000 from the Defendants bank accounts and disputed transfers of approximately $200,000, yet did not credit the $200,000 of funds that never transferred against the amounts claimed. Plaintiff's own admission was that the funds were supposed to be invested and were invested in bitcoins, with the expectation / hope of a high return but the value of bitcoin during that time ended up dropping, causing a loss of the investment that Plaintiff now hopes to recover from the Defendant, and which Plaintiff assumed the risk and Defendants are simply not liable for the loss in market value of Bitcoin.  Plaintiff is suing for a usurious amount of interest.

1.  The facts in the complaint are utterly silent about any conversations, communications, or discussions whatsoever with any of the defendants other than Moshe Feinstein.  There is no evidence presented whatsoever that any of the defendants other than Moshe Feinstein had any communications with the Plaintiff, let alone defrauded him.  Nor is there evidence of any conspiracy or agreement between Moshe Feinstein and any of the other co-defendants, even his own wife. There simply are insufficient pled allegations for either

Rico or Fraud of any sort.   Simply put, there exists valid defenses to the complaint for which these moving Defendants are being deprived of the opportunity to assert as a result of their attorney failing to timely appear or notify the Defendants that the case did not settle and he would not be appearing on their behalves. There is no stated conduct which constitutes a basis for RICO as there is no conspiracy nor evidence of a conspiracy, and no evidence of any criminal enterprise whatsoever.

## STANDARD FOR SETTING ASIDE DEFAULT

Federal Rule 55(c) provides for relief from the entry of default. "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). The Third Circuit has indicated that the standard for setting aside a default is less stringent than for setting aside a default judgment. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default...."). A default will be set aside if it was not properly entered or if the party seeking default failed to meet a requirement of the rule. *See, e.g., Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 493 (3d Cir.1993) (where a default judgment was vacated for improper service); *see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir.1985) (holding that a default judgment should be set aside for improper service). As a general matter, courts disfavor defaults. *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir.1988). "Any doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on the merits." *Medunic v. Lederer,* 533 F.2d 891, 894 (3d Cir.1976). It is well settled in this Circuit that, on a motion for vacating a default under FRCP 55(c) or a default judgment under FRCP 60(b), the district court, in exercising its discretion, must consider: "(1) whether the plaintiff will be prejudiced; (2) whether

the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist*, 756 F.2d at 19. Motions to vacate default and default judgment are governed by Federal Rules of Civil Procedure 55(c) and 60, respectively. Under Rule 60(b), a court may relieve a party from a final judgment for any of the following six reasons:

> (1)   mistake, inadvertence, surprise, or excusable neglect;

> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);

> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4)   the judgment is void;

> (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Rule 60(b)(6) is not intended as a means by which the time limitations of Rule 60(b)(1)-(3) may be circumvented." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975); see *United States v. Karahalias*, 205 F.2d 331, 334-35 (2d Cir. 1953).

When deciding whether to vacate default judgment, courts also take into consideration three factors associated with Rule 55(c): (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). However, "[t]here is a distinction

between a default standing alone and a default judgment." *Feliciano*, 691 F.2d at 656. Setting aside a default requires less substantial grounds than setting aside a default judgment. *Id*.

Here, the moving Defendants simply believed that the complaint was dismissed and that they misunderstood the rulings that they were waiting to respond until an amended complaint was filed.  As a result, he did not file any answer.  Movants now seek to remedy that and pray for the court for leave to file the answer which is attached hereto and incorporated herein.

As a result, the Defendant's believed that they would be able to defend this action and were deprived of the same by the failure of their retained counsel to file an appearance on their behalf; failure to notify Plaintiff's counsel that Defendants intended to respond or otherwise plead, or failure of their counsel to even ask opposing counsel for an extension of time for Defendants to retain new counsel.  Defendants were utterly surprised by the entry of default.

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id*. at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id*. (citation omitted). If the court determines that a default is willful — that is, intentional failure to answer or otherwise respond — such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy*

*v. Sitel Corp.*, 227 F.3d at 292 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. See *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); see also *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

Moving Defendants have filed this motion promptly upon learning of the entry of default and before the default judgment has been entered. The moving defendants were surprised. The Moving defendants further have a valid and meritorious defense to the pending action. According to the affidavit of Moe Feinstein, the Plaintiff is seeking damages for sums of money that Plaintiff did not even convey to the Defendant and is asking for more than $200,000 of already reversed charges and made unauthorized attempts to withdraw money invested with the Defendant by Plaintiff. Furthermore, on the face of the complaint, the Plaintiff knew he was investing in bitcoins, whose value was highly volatile.

That the Plaintiff's complaint appears to be seeking usurious amounts of interest in violation of the civil usury rates which are governed by N.J.S.A. 31:1-1 et. Seq. (Title 31 - Interest and Usury). Those loans that fall into the category of N.J.S.A. 31:1-1(b) are determined the Department of Banking & Insurance according to the formula set forth therein. However, it should be noted that federal law preempts State usury law (see Depository Institution Deregulation and Monetary Control Act "DIDAMCA" - 12 U.S.C. 3803). Except as herein and otherwise provided by law, no person shall, upon contract, take, directly or indirectly for loan of any money, wares,

merchandise, goods and chattels, above the value of $6.00 for the forbearance of $100.00 for a year, New Jersey Statutes Title 31. Interest and Usury 31 § 1-1. The interest the Plaintiff claims he is entitled to earn far exceeds the legal rate, making the investments illegal and recovery unenforceable. It is well settled that courts "may refuse to enforce contracts that are unconscionable." *Saxon Constr. & Management Corp. v. Masterclean of N.C., Inc.*, 273 *N.J.Super.* 231, 236, 641 *A.*2d 1056 (), *certif. denied*, 137 *N.J.* 314, 645 *A.*2d 142 (1994); *see also N.J.S.A.* 12A:2-302 (adopting Uniform Commercial Code provision recognizing unconscionability as basis for voiding contract or clause therein). The seminal case of *Rudbart, supra*, set out factors for courts to consider when determining whether a specific term in a contract of adhesion is unconscionable and unenforceable. 127 *N.J.* at 356, 605 *A.*2d 681. In *Rudbart, supra*, this Court recognized that adhesion agreements necessarily involve indicia of procedural unconscionability. *Ibid.; see generally* Sitogum Holdings, Inc. v. Ropes, 352 *N.J.Super.* 555, 564-66, 800 *A.*2d 915 (Ch.Div.2002) (observing that unconscionability traditionally entails discussion of two factors: procedural unconscionability, which "can include a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process," and substantive unconscionability, which generally involves harsh or unfair one-sided terms). *Rudbart, supra*, notes that "the essential nature of a contract of adhesion is that it is presented on a take-it-or-leave-it basis, commonly in a standardized printed form, without opportunity for the 'adhering' party to negotiate except perhaps on a few particulars." 127 *N.J.* at 353, 605 *A.*2d 681. The court cannot enforce a usurious contract as claimed here. *Muhammad v. County Bank of Rehoboth Beach*, 912 A. 2d 88 - NJ: Supreme Court 2006. Defendants therefore respectfully requests the court vacate the entry of default on the grounds of mistake, inadvertence and/or excusable neglect and permit

the Defendant 45 days within which to retain new counsel, up to and including November 19th,

2018 to respond to the complaint.

## CONCLUSION

The relief properly ordered here is:

1. An order vacating the entry of default based on mistake, inadvertence or excusable neglect.

2. An order granting leave to the individual defendants to file their attached answer and affirmative defenses to the complaint. DATED: _8/12/2019_

Respectfully Submitted:

**MOSHE FEINSTEIN**
**CHAVIVA FEINSTEIN,**
**AMBER CAPITAL**
**5929 BROOKFIELD CIRCLE, E**
**FORT LAUDERDALE, FL 33312**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------- x

YISROEL MEIR LEEDER                           CASE NO. 3:18-cv-12384-AET-DEA

                        Plaintiff,

        - against -

MOSHE FEINSTEIN A/K/A MOE FEINSTEIN;          **DECLARATION OF MOSHE**
SHLOMO YEHUDA FEINSTEIN ARON                  **FEINSTEIN IN SUPPORT OF THE**
WASSERLAUF A/K/A MR. WASSER;                  **MOTION TO SET ASIDE DEFAULT**
KASTNER'S MARKET; KOSHER DELIGHT              **AND OTHER RELIEF**
LLC; DOUBLE DECKER DELI; CAPRI
RISTORANTE LLC; 726 41ST LLC;
GROUP EIGHTEEN, INC; AM DISPLAY DIST.
INC.; UHCS, INC; CARLOS & GABBY'S
MIAMI; AMBER CAPITAL; IADVANCEU               **FRCP RULE 55(c), 60(b)**
LLC; AYN OD MILVADO LLC; NISSIM
OHAYON; CHAVIVA FEINSTEIN; SAPPHIRE
FUNDING LLC; LIAM DOE; JOHN DOES 1-
30; PROVIDE OTHERS

                        Defendant.

-------------------------------------------------- x

I, Moshe Feinstein, having been duly sworn, declare or affirm as follows:

2.   I am a Defendant in the above-entitled cause.

3.   I was under the mistaken impression that my wife and I did not have to file an answer to
the complaint until the Plaintiff amended it and believed that it was dismissed.

4.   I conveyed that to my wife and she too relied on my mistaken belief.

5.   I respectfully request that the court permit us to file the attached answer and affirmative
defenses.

                                   **MOSHE FEINSTEIN**
                                   **CHAVIVA FEINSTEIN,**

**5929 BROOKFIELD CIRCLE, E**
**FORT LAUDERDALE, FL 33312**
**TEL: 848 480-3133**
**EMAIL: MOEFEINSTEIN@YAHOO.COM**

MOTION TO VACATE ENTRY OF DEFAULT

MOSHE FEINSTEIN
CHAVIVA FEINSTEIN,
AMBER CAPITAL
IADVANCEU LLC
5929 BROOKFIELD CIRCLE, E
FORT LAUDERDALE, FL 33312

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

YISROEL MEIR LEEDER                           CASE NO. 3:18-cv-12384-AET-DEA

                                    Plaintiff,

            - against -

MOSHE FEINSTEIN A/K/A MOE FEINSTEIN;
SHLOMO YEHUDA FEINSTEIN ARON             ORDER (PROPOSED)
WASSERLAUF A/K/A MR. WASSER;
KASTNER'S MARKET; KOSHER DELIGHT
LLC; DOUBLE DECKER DELI, LLC; CAPRI
RISTORANTE LLC; 726 41ST LLC;
GROUP EIGHTEEN, INC; AM DISPLAY DIST.
INC.; UHCS, INC; CARLOS & GABBY'S
MIAMI; AMBER CAPITAL; IADVANCEU
LLC; AYN OD MILVADO LLC; NISSIM
OHAYON; CHAVIVA FEINSTEIN; SAPPHIRE
FUNDING LLC; LIAM DOE; JOHN DOES 1-
30; PROVIDE OTHERS

                                    Defendant.

-------------------------------------------------------- x

Comes now, before this Court was MOSHE FEINSTEIN A/K/A MOE FEINSTEIN,

CHAVIVA FEINSTEIN, MOTION TO VACATE THE ENTRY OF DEFAULT ON THE

GROUNDS OF SURPRISE, INADVERTANCE AND/OR EXCUSIBLE NEGLECT

11                    MOTION TO VACATE ENTRY OF DEFAULT

AND FURTHER REQUESTS LEAVE TO FILE THEIR ATTACHED ANSWER AND

AFFIRMATIVE DEFENSES in the above-entitled cause.

The Court having duly considered the arguments, pleadings and exhibits,

and good cause having been shown:

IT IS ORDERED THAT:

The Court Grants the motion.

1.  IT IS ORDERED that the entry of default is hereby vacated based on mistake, inadvertence
    and/or excusable neglect.

2.  IT IS ORDERED that the attached answer and affirmative defenses should be entered in
    the above-entitled matter.

Further, the court sayeth naught.

****
****

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by means of US mail and email on:

Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff

**ALLEN PHILIP SRAGOW**
SRAGOW & SRAGOW
1360 DICKERSON RD
TEANECK, NJ 07666
201-719-5878
Email: a.sragow@sragowlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS ROBERT DORIA**
NICHOLAS DORIA PC
COURT PLAZA NORTH
25 MAIN STREET
SUITE 206
HACKENSACK, NJ 07601
(201) 342-6770
Email: ndoriaesq@optonline.net

Dated:  August 5th, 2019

_6/12/2019_

**MOSHE FEINSTEIN**
**CHAVIVA FEINSTEIN,**
**5929 BROOKFIELD CIRCLE, E**
**FORT LAUDERDALE, FL 33312**
**TEL: 848 480-3133**
**EMAIL: MOEFEINSTEIN@YAHOO.COM**

MOTION TO VACATE ENTRY OF DEFAULT

MOSHE FEINSTEIN
CHAVIVA FEINSTEIN,
AMBER CAPITAL
IADVANCEU LLC
5929 BROOKFIELD CIRCLE, E
FORT LAUDERDALE, FL 33312

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------- x

YISROEL MEIR LEEDER                    CASE NO. 3:18-cv-12384-AET-DEA

                      Plaintiff,

        - against -

MOSHE FEINSTEIN A/K/A MOE FEINSTEIN;
SHLOMO YEHUDA FEINSTEIN ARON          DEFENDANT'S MOSHE
WASSERLAUF A/K/A MR. WASSER;          FEINSTEIN AND CHAVIVA
KASTNER'S MARKET; KOSHER DELIGHT      FEINSTEIN
LLC; DOUBLE DECKER DELI, LLC; CAPRI   ANSWER
RISTORANTE LLC; 726 41ST LLC;         AND AFFIRMATIVE DEFENSES
GROUP EIGHTEEN, INC; AM DISPLAY DIST.
INC.; UHCS, INC; CARLOS & GABBY'S
MIAMI; AMBER CAPITAL; IADVANCEU
LLC; AYN OD MILVADO LLC; NISSIM
OHAYON; CHAVIVA FEINSTEIN; SAPPHIRE
FUNDING LLC; LIAM DOE; JOHN DOES 1-
30; PROVIDE OTHERS

                    Defendant.

------------------------------------------------------- x

### MOSHE FEINSTEIN A/K/A MOE FEINSTEIN, CHAVIVA FEINSTEIN, ANSWER AND AFFIRMATIVE DEFENSES

AS TO THE COMPLAINT, and the paragraph:

16           MOTION TO VACATE ENTRY OF DEFAULT

1.  These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

2.  These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

3.  These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

4.  These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

5.  These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

6.  These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these

MOTION TO VACATE ENTRY OF DEFAULT

answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

7.      These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

8.      These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

9.      These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

10.     These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

11.     These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

12. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

13. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

14. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

15. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

16. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

17. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these

answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

18. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

19. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

20. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

21. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

22. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

23. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

24. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

25. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

26. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

27. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

28. These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these

answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

29.    These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

30.    These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

31.    These answers deny any facts exist sufficient to support such a claim, and the complaint does not plead sufficient facts to support such a claim against these answering defendants, and as a result, the allegation is denied and strict proof is hereby demanded.

32.    Denied, strict proof is demanded.

33.    Denied, strict proof is demanded.

34.    Denied, strict proof is demanded.

35.    Denied, strict proof is demanded.

36.    Denied, strict proof is demanded.

37.    Denied, strict proof is demanded.

38.    Denied, strict proof is demanded.

39.    Denied, strict proof is demanded.

40.    Denied, strict proof is demanded.

41.   Denied, strict proof is demanded.

42.   Denied, strict proof is demanded.

43.   Denied, strict proof is demanded.

44.   Denied, strict proof is demanded.

45.   Denied, strict proof is demanded.

46.   Denied, strict proof is demanded.

47.   Denied, strict proof is demanded.

48.   Denied, strict proof is demanded.

49.   Denied, strict proof is demanded.

50.   Denied, strict proof is demanded.

51.   Denied, strict proof is demanded.

52.   Denied, strict proof is demanded.

53.   Denied, strict proof is demanded.

54.   Denied, strict proof is demanded.

55.   Denied, strict proof is demanded.

56.   Denied, strict proof is demanded.

57.   Denied, strict proof is demanded.

58.   Denied, strict proof is demanded.

59.   Denied, strict proof is demanded.

60.   Denied, strict proof is demanded.

61.   Denied, strict proof is demanded.

62.   Denied, strict proof is demanded.

63.   Denied, strict proof is demanded.

64.   Denied, strict proof is demanded.

65.   Denied, strict proof is demanded.

66.   Denied, strict proof is demanded.

67.   Denied, strict proof is demanded.

68.   Denied, strict proof is demanded.

69.   Denied, strict proof is demanded.

70.   Denied, strict proof is demanded.

71.   Denied, strict proof is demanded.

72.   Denied, strict proof is demanded.

73.   Denied, strict proof is demanded.

74.   Denied, strict proof is demanded.

75.   Denied, strict proof is demanded.

76.   Denied, strict proof is demanded.

77.   Denied, strict proof is demanded.

78.   Denied, strict proof is demanded.

79.   Denied, strict proof is demanded.

80.   Denied, strict proof is demanded.

81.   Denied, strict proof is demanded.

82.   Denied, strict proof is demanded.

83.   Denied, strict proof is demanded.

84.   Denied, strict proof is demanded.

85.   Denied, strict proof is demanded.

86.   Denied, strict proof is demanded.

87.   Denied, strict proof is demanded.

88.   Denied, strict proof is demanded.

89.   Denied, strict proof is demanded.

90.   Denied, strict proof is demanded.

91.   Denied, strict proof is demanded.

92.   Denied, strict proof is demanded.

93.   Denied, strict proof is demanded.

94.   Denied, strict proof is demanded.

95.   Denied, strict proof is demanded.

96.   Denied, strict proof is demanded.

97.   Denied, strict proof is demanded.

98.   Denied, strict proof is demanded.

99.   Denied, strict proof is demanded.

100.   Denied, strict proof is demanded.

101.   Denied, strict proof is demanded.

102.   Denied, strict proof is demanded.

103.   Denied, strict proof is demanded.

104.   Denied, strict proof is demanded.

105.   Denied, strict proof is demanded.

106.   Denied, strict proof is demanded.

107.   Denied, strict proof is demanded.

108.   Denied, strict proof is demanded.

109.   Denied, strict proof is demanded.

110.    Denied, strict proof is demanded.

111.    Denied, strict proof is demanded.

112.    Denied, strict proof is demanded.

113.    Denied, strict proof is demanded.

114.    Denied, strict proof is demanded.

115.    Denied, strict proof is demanded.

116.    Denied, strict proof is demanded.

117.    Denied, strict proof is demanded.

118.    Denied, strict proof is demanded.

119.    Denied, strict proof is demanded.

120.    Denied, strict proof is demanded.

121.    Denied, strict proof is demanded.

122.    Denied, strict proof is demanded.

123.    Denied, strict proof is demanded.

124.    Denied, strict proof is demanded.

125.    Denied, strict proof is demanded.

126.    Denied, strict proof is demanded.

127.    Denied, strict proof is demanded.

128.    Denied, strict proof is demanded.

129.    Denied, strict proof is demanded.

130.    Denied, strict proof is demanded.

131.    Denied, strict proof is demanded.

132.    Denied, strict proof is demanded.

133.    Denied, strict proof is demanded.

134.    Denied, strict proof is demanded.

135.    Denied, strict proof is demanded.

136.    Denied, strict proof is demanded.

137.    Denied, strict proof is demanded.

138.    Denied, strict proof is demanded.

139.    Denied, strict proof is demanded.

140.    Denied, strict proof is demanded.

141.    Denied, strict proof is demanded.

142.    Denied, strict proof is demanded.

143.    Denied, strict proof is demanded.

144.    Denied, strict proof is demanded.

145.    Denied, strict proof is demanded.

146.    Denied, strict proof is demanded.

147.    Denied, strict proof is demanded.

148.    Denied, strict proof is demanded.

149.    Denied, strict proof is demanded.

150.    Denied, strict proof is demanded.

151.    Denied, strict proof is demanded.

152.    Denied, strict proof is demanded.

153.    Denied, strict proof is demanded.

154.    Denied, strict proof is demanded.

155.    Denied, strict proof is demanded.

156.    Denied, strict proof is demanded.

157.    Denied, strict proof is demanded.

158.    Denied, strict proof is demanded.

159.    Denied, strict proof is demanded.

Wherefore the Defendants pray that judgment be entered in favor of the Defendants and against the Plaintiff on all counts and for all relief sought, and that Defendants be awarded their attorney's fees and costs.

## AFFIRMATIVE DEFENSES

6.  1.      FAILURE TO STATE A CLAIM: The facts in the complaint are utterly silent about any conversations, communications, or discussions whatsoever with any of the defendants other than Moshe Feinstein AND no evidence of any agreement between Moshe Feinstein and his wife to enter into any criminal enterprise.   There is no evidence presented whatsoever that any of the defendants other than Moshe Feinstein had any communications with the Plaintiff, let alone defrauded him.   Nor is there evidence of any conspiracy or agreement between Moshe Feinstein and any of the other co-defendants, even his own wife. There simply are insufficient pled allegations for either Rico or Fraud of any sort.   Simply put, there exists valid defenses to the complaint for which these moving Defendants are being deprived of the opportunity to assert as a result of their attorney failing to timely appear or notify the Defendants that the case did not settle and he would not be appearing on their behalves. There is no stated conduct which constitutes a basis for RICO as there is no conspiracy nor evidence of a conspiracy, and no evidence of any criminal enterprise whatsoever.

7. The complaint seeks interest by an orthodox Jew from an Orthodox couple, so their claims are barred because the Plaintiff failed to exhaust his administrative remedy of a Beis Din.

## 8. FAILURE TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR FRAUD

The facts in the complaint are utterly silent about any conversations, communications, or discussions whatsoever with any of the defendants other than Moshe Feinstein. There is no evidence presented whatsoever that any of the defendants other than Moshe Feinstein had any communications with the Plaintiff, let alone defrauded him. Nor is there evidence of any conspiracy or agreement between Moshe Feinstein and any of the other co-defendants, even his own wife.

### ELEMENTS

To sustain a cause of action for FRAUD, the Federal Rule of Civil Procedure 9(b) provides that when pleading a cause of action for fraud, "the circumstances constituting fraud ... shall be stated with particularity." "Rule 9(b) requires heightened specificity." 155 F.3d at 658; *Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 99 (3d Cir.1983). The statements in the complaint do not state date, time, what statements were made, who relied on those statements, who was present when the statements were made, whether the Plaintiff in fact relied on those statements, and do not specify how the reliance on those statements was reasonable or justifiable, given the alleged pattern of conduct and the fact that loans between Jews cannot be for interest and cannot be for usurious rates of interest. There are not alleged, and simply were no discussions between the Plaintiff and any of the Defendants other than Moshe Feinstein.

## 9. FAILURE TO STATE A CAUSE OF ACTION FOR RICO

Title 18 of the United States Code, § 1964(c) provides a private right of action for federal RICO violations. That section provides:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c).[36] Thus, a RICO plaintiff can only recover if he has been injured in his business or property by the conduct constituting the violation. *Sedima, S.P.L.R. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

## 10. ELEMENTS

For Plaintiffs to plead a civil RICO claim under 18 U.S.C. § 1962(c), they must allege (1) conduct (which they have failed) (2) of an enterprise (again, they have failed to identify the enterprise) (3) through a pattern (they have failed to establish the defendants have a pattern of conduct constituting a racketeering activity )(4) of racketeering activity(and have failed to identify the racketeering activity). *Sedima v. Imrex Co.*, 473 U.S. 479, 482-83, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The term "enterprise" includes "`any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Ins. Brokerage*, 618 F.3d at 362-63 (citing 18 U.S.C. § 1961(4)). With respect to the pattern of racketeering activity, the statute "requires at least two acts of racketeering activity within a ten-year period" which "may include, *inter alia*, federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343." *Id.* (citing 18 U.S.C. § 1961(1)(5) and *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)). In addition, the Third Circuit has articulated that Section

1964(c) requires "a RICO plaintiff to make two related but analytically distinct threshold showings... (1) that the plaintiff suffered an injury to business or property; and (2) that the plaintiff's injury was proximately caused by the defendant's violation of 18 U.S.C. § 1962." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir.2000). In that regard, the Court will separately analyze the each element under RICO—injury, causation, enterprise, and racketeering activity —to assess whether Plaintiffs have met their burden.In order to establish standing to bring a civil suit under RICO, plaintiff must show that "the defendant's violations were a proximate cause of the plaintiff's injury, i.e., that there was a direct relationship between the plaintiff's injury and defendant's injurious conduct." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir.1994) (citations omitted). This requires a showing (1) that the defendant's alleged RICO violation was the "but for" cause of his injury; and (2) that the violation was the direct or proximate cause of the injury. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 265, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Furthermore, a plaintiff only has standing to pursue a RICO claim if the alleged violations were "a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence." *Brittingham v. Mobil Corp.*, 943 F.2d 297, 304 (3d Cir.1991) (citations omitted).

In making a proximate cause determination, the court may take into account "such factors as the foreseeability of the particular injury, the intervention of other independent causes, and the factual directness of the causal connection." *Prudential Ins. Co. v. United States Gypsum Co.*, 828 F.Supp. 287, 293 (D.N.J.1993) (citations omitted). Proximate cause is interpreted narrowly in RICO claims. See, *e.g., Imagineering, Inc. v. Kiewit Pacific*

*Co.*, 976 F.2d 1303 (9th Cir.1992); *Interchange State Bank v. Veglia*, 286 N.J.Super. 164, 668 A.2d 465 (App.Div. 1995) (applying Holmes to plaintiffs' claims under NJ RICO). The "general rule in fraud cases ... is that you are liable only to an intended victim"; however, the victim need not be the primary victim, only an intended victim. *Matter of EDC, Inc.*, 930 F.2d 1275, 1279 (7th Cir.1991); Prudential, 828 F.Supp. at 296.

Here, the proximate cause of the harm to the Plaintiff was not that he loaned his money to Moshe Feinstein, but he lost his investment due to the devaluation of the Bitcoin, which the Plaintiff wanted to place the funds in hopes of a usurious return of investment. Once the coin devalued, he attempted to take the money from Moshe Feinstein's accounts and sued all the co-defendants to avoid the loss due to market devaluation.

The Supreme Court recently addressed RICO's causation and injury requirement. See *Holmes*, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532. In Holmes, the Securities Investor Protection Corporation ("SIPC"), as receiver of a securities firm bankrupted by the purchase of artificially inflated securities, brought a RICO action against the principals of the issuer alleged to have perpetrated the stock manipulation scheme. *Id.* at 272, 112 S.Ct. 1311. The customers on whose behalf the SIPC brought suit had not purchased the fraudulent securities, but had incurred losses when the securities firm became insolvent and could no longer meet its obligations to these customers.[citations omitted] The Court dismissed the RICO action because the fraud alleged did not proximately cause the injury to the SIPC clients. The Court held that the direct [proximate] cause of the clients' injury was the firm's intervening insolvency, not the issuer defendants' fraud. *Id.* at 271, 112 S.Ct. 1311. The Court was concerned in part that "suits by those injured only indirectly would open the door to `massive and complex damages litigation which would not only burden

the courts, but would also undermine the effectiveness of treble damages suits.'" Id. at 274,

112 S.Ct. 1311 (quoting Associated General Contractors, 459 U.S. at 545, 103 S.Ct. 897).

In addition, the Court imposed the "directness of relationship" requirement because

of (1) the difficulty in ascertaining the extent of injuries sustained by plaintiffs who were

not direct victims of the racketeering acts; (2) the difficulty in apportioning damages among

all plaintiffs who have been indirectly injured in order to avoid multiple recoveries; and (3)

"the need to grapple with these problems is simply unjustified by the general interest in

deterring injurious conduct, since directly injured victims can generally be counted on to

vindicate the law as private attorneys general, without any of the problems attendant upon

suits by plaintiffs injured more remotely." Id. at 269, 112 S.Ct. 1311. The Court further

added that "[t]he general tendency of the law, in regards to damages at least, is not to go

beyond the first step." Id. at 271, 112 S.Ct. 1311 (citations omitted).

Subsequent to the Holmes decision, the Third Circuit has addressed RICO's

requirements for standing and causation. In *McCarthy v. Recordex Service, Inc.*, 80 F.3d

842 (3d Cir.1996), the plaintiffs were clients of attorneys who had purchased photocopies

of clients' hospital records. The plaintiffs asserted RICO claims against the hospital and a

copy service provider alleging they conspired to inflate photocopy charges. Id. at 845. The

defendants had billed plaintiffs' attorneys for the photocopies directly, and the attorneys

eventually passed on these costs to plaintiffs. Nonetheless, the Third Circuit held that

plaintiffs lacked standing because they were indirect victims. Id. *Eli Lilly and Co. v.

Roussel Corp.*, 23 F. Supp. 2d 460 - Dist. Court, D. New Jersey 1998.  Simply put, there

exists valid defenses to the complaint for which these moving Defendants are being

deprived of the opportunity to assert as a result of their attorney failing to timely appear or

33                      MOTION TO VACATE ENTRY OF DEFAULT

notify the Defendants that the case did not settle and he would not be appearing on their behalves. Third Circuit law directs that assignment of RICO claims, as well as assignment of antitrust claims, must be express. *Lerman v. Joyce Int'l, Inc.*, 10 F.3d 106, 112 (3d Cir.1993) (citing *Gulfstream III Assocs. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 438-40 (3d Cir.1993)).

11. UNCLEAN HANDS – Plaintiff has unclean hands and is barred from any relief on the grounds that he is attempting to extort money he knows his not owed. That Plaintiff is charging usurious amounts of interest, claiming he made a business loan, when he actually made an investment that went sour.

12. ASSUMPTION OF THE RISK – Plaintiff is an investor who invested in bitcoin. It is not a sure investment and the Plaintiff knew as much. The Plaintiff was aware when buying bitcoin that the market would fluctuate and it did so, and thus the Plaintiff assumed the risk of his investment. Since the time he invested, the market has bounced up and down and had he stayed in, he would have been ok. Any harm he suffered he was aware of, and undertook and assumed those risks of investment.

13. OFFSET OR CREDIT – The Plaintiff actually retracted money he sent to the Defendant, and has failed in his complaint to account for those funds he took back, and in so doing, caused the Defendant to suffer monetary harm, losses and money damages in an amount according to proof for offset, but in excess of the amounts claimed by the Plaintiff after all offsets and credits are accumulated.

14. PRIOR BREACH OF PLAINTIFF – In an unauthorized access to the Defendants bank account, and taking funds, the Plaintiff breached the investment agreement first and therefore excused any further performance by the Defendants. The investments made were

to be long term, and in withdrawing the same without permission or authority of the

Defendant, the Plaintiff breached the agreement first and barred from any further recovery.

15. DISCOVERY has not yet begun, so Defendant reserves his right to amend his answer as

further discovery takes place.

RESPECTFULLY SUBMITTED

Dated: August 5th, 2019

MOSHE FEINSTEIN
CHAVIVA FEINSTEIN,
5929 BROOKFIELD CIRCLE, E
FORT LAUDERDALE, FL 33312
TEL: 848 480-3133
EMAIL: MOEFEINSTEIN@YAHOO.COM

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by means of US mail and email on:

Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff

**ALLEN PHILIP SRAGOW**
SRAGOW & SRAGOW
1360 DICKERSON RD
TEANECK, NJ 07666
201-719-5878
Email: a.sragow@sragowlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NICHOLAS ROBERT DORIA**
NICHOLAS DORIA PC
COURT PLAZA NORTH
25 MAIN STREET
SUITE 206
HACKENSACK, NJ 07601
(201) 342-6770
Email: ndoriaesq@optonline.net

Dated: August 5th, 2019

**MOSHE FEINSTEIN**
**CHAVIVA FEINSTEIN,**
**5929 BROOKFIELD CIRCLE, E**
**FORT LAUDERDALE, FL 33312**
**TEL: 848 480-3133**
**EMAIL: MOEFEINSTEIN@YAHOO.COM**

Express

ORIGIN ID:MPBA   (305) 531-9777
MOE FEINSTEIN
5929 BROOKFIELD CIRCLE E

FT LAUDERDALE, FL 33312
UNITED STATES US

SHIP DATE: 12AUG19
ACTWGT: 0.50 LB
CAD: 109899409/WSXI2600
DIMS: 12x10x1 IN

BILL SENDER

TO  **CLERK OF THE COURT  URGENT**
**CLARKSON S FISHER BLDG AND COURTHOU**
**402 EAST STATE STREET**

**TRENTON NJ 08606**
(800) 988-2086       REF:

                              DEPT:

FedEx
Express

R T **349**    1    16:30   **C**
FZ                          6085
                            08.14

X-RAYED

**WED - 14 AUG 4:30P**
** 2DAY **

TRK#  **7890 8062 6085**
0201

**K1 TTNA**

08606
NJ-US  **EWR**

