**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YISROEL MEIR LEEDER | : |
| Plaintiff, | : Civil Action No. 18-12384 (BRM)(DEA) |
| v. | : |
| MOSHE FEINSTEIN, et al., | : **ORDER** |
| Defendants. | : |

This matter comes before the Court on a motion to set aside the Clerk's Entry of Default by Defendants Moshe Feinstein and Chaviva Feinstein ("Defendants"). *See* ECF No. 67. This is Defendants' second such motion. *See* ECF Nos. 34 and 67. Plaintiff opposes this Motion. *See* ECF No. 69. For the reasons stated herein, Defendants' Motion is **GRANTED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his Complaint on August 2, 2018 alleging claims under 18 U.S.C. §§ 1961-1968 ("RICO"), N.J.S.A. § 2C:41-2(c) ("New Jersey RICO"), the New Jersey Consumer Fraud Act, and common law causes of action for fraud, breach of contract, and quasi-contract. *See* ECF No. 1. Defendants were served with the Complaint on August 23, 2018. *See* ECF Nos. 15-18. Defendants did not file an Answer, so Plaintiff sought entry of default on September 18, 2018, and subsequently filed a Motion for Default Judgment [ECF No. 20]. On October 19, 2018, Defendants filed a Motion to Set Aside Default [ECF No. 34], which the Court granted. *See* ECF No. 51. In an Order entered on December 18, 2019, the Court set January 4, 2019 as the deadline for Defendants to answer or otherwise respond. ECF No. 53. On January 14, 2019, Defendants filed a Motion to Dismiss and requested an Order Referring this Matter to a Beis Din [ECF No. 61],

which was granted in part and denied in part. *See* ECF Nos. 63 and 64. In the Court's Order [ECF No. 64] on the Motion to Dismiss [ECF No. 61], the Court gave Plaintiff "thirty (30) days from the date of this Opinion and Order to file an Amended Complaint curing any deficiencies addressed in the Opinion." ECF No. 64 at 2.

Plaintiff alleges that the Defendants did not contact Plaintiff to determine whether Plaintiff intended to amend his Complaint or proceed with his original Complaint. ECF No. 69 at 5. Plaintiff argues that Defendants cannot rely on a potential amendment to the Complaint to vacate the entry of default. *Id.* at 7. Defendants allege that based on the Opinion and Order on Defendants' Motion to Dismiss [ECF Nos. 63 and 64], they thought the Complaint was dismissed. So, apparently Defendants were waiting for Plaintiff to file an Amended Complaint to respond. ECF No. 67 at 5. Defendants allege the entry of default took them by surprise. *Id.* Defendants claim they intended to answer or otherwise plead and relied on their retained counsel to notify Plaintiff of their intent to respond after an Amended Complaint was filed. *Id.* Defendants are now proceeding *pro se* and ask the Court for leave to file the proposed Answer filed with this Motion and to vacate the Clerk's entry of default. *Id.*

## II.     LEGAL STANDARDS

The entry of default and default judgment is governed by Federal Rule of Civil Procedure 55. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir.

1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." *Hritz,* 732 F.2d at 1181 (citations omitted); *see also $55,518.05 in U.S. Currency,* 728 F.2d at 194–95.

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In exercising its discretion to vacate the entry of default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was a result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 195). Notably, the standard for setting aside a default is less strict than the standard for setting aside a default judgment. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

Any doubts in this inquiry are "to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." *Ford v. Consigned Debts & Collections, Inc.,* No. 09–3102, 2010 WL 2758182, at *2 (D.N.J. July 12, 2010) (citing *$55,518.05 in U.S. Currency,* 728 F.2d at 194–95). "'[M]atters involving large sums should not be determined by default judgment if it can reasonably be avoided,' since 'the interests of justice are best served by a trial on the merits.'" *Livingston Powdered Metal, Inc. v. N.L.R.B.,* 669 F.2d 133, 136–37 (3d Cir. 1982) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir. 1951)).

### III.     ANALYSIS

The Court has carefully considered the relevant factors and finds that the entry of default should be vacated.

### a. Plaintiff Will Not Be Prejudiced by Vacating the Entry of Default.

Plaintiff argues that vacating the entry of default will prejudice him because he alleges that Defendants intentionally delayed filing a response so that they could hide stolen money. ECF No. 69 at 6. Plaintiff argues that vacating the entry of default would reward the Defendants for their attempt to delay this action. *Id.* at 7. Defendants argue that there is no prejudice to Plaintiff because granting this Motion would simply require Plaintiff to litigate this action rather than succeed through default. ECF No. 70 at 3.

The Court finds that Plaintiff will not be prejudiced by vacating the entry of default. Plaintiff brought this action, as all plaintiffs do, with the intention of litigating the action. Prejudice under the first prong "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or [where judgment has been entered,] substantial reliance upon the judgment." *Reed v. New Jersey State Police*, No. 15-1305, 2015 WL 5821965, at *2 (D.N.J. Oct. 2, 2015) (internal quotation marks omitted). While Plaintiff claims the Defendants are hiding and spending stolen money, the Court cannot rely on Plaintiff's statement without any proof of that assertion to conclude that Defendants are intentionally delaying this action to perpetrate fraud. Plaintiff simply states that "numerous individuals have indicated that Moe Feinstein is an individual with a gambling problem who will spend whatever money he possesses…" ECF No. 69 at 6. The Court will not rely on this statement to conclude that Plaintiff would be prejudiced by vacating default and allowing Defendants to file their proposed Answer. Further, Plaintiff does not demonstrate that the delay in Defendants' response resulted in the loss of available evidence. Thus, the Court finds that vacating the entry of default will not prejudice Plaintiff.

### b. Defendants Can Set Forth a Meritorious Defense.

The Third Circuit "consider[s] the meritorious-defense factor the 'threshold issue....'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Hritz,* 732 F.2d at 1181). The defendant is required to "set forth with some specificity the grounds for his defense." *Id.* The court then "look[s] at the substance of that defense to determine whether it is meritorious." *Id.* (citation omitted). But the court "need not decide the legal issue' at this stage of review." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987)).

Default is generally disfavored by the courts because courts prefer parties to dispose of cases on their merits. Thus, the threshold for what constitutes a meritorious defense is relatively low. It is important to note that the evaluation by the Court as to whether Defendants have a meritorious defense is not equivalent to an evaluation of the case on the merits. Defendants claim that Plaintiff seeks, as damages, charges that resulted from Plaintiff's alleged unauthorized withdrawal of money invested with Defendants. Further, Defendants claim that Plaintiff cannot establish that Defendants defrauded Plaintiff when he did not receive the high investment returns he expected because Plaintiff knew he was investing bitcoins, the value of which is highly volatile. The Court need not determine the veracity of Defendants' arguments, but will simply look to see if those arguments, if taken as true, would establish a meritorious defense.

Plaintiff claims the Defendants cannot set forth a meritorious defense and claims that Defendants "in fact essentially admit most of the allegations" against them. At present, Court does not agree with Plaintiff's conclusion. Mr. Feinstein's statement in his Affidavit [ECF No. 34] that Plaintiff "invested" money with the expectation of a high rate of return that was not paid, does not

on its face prove that Defendants were acting fraudulently. While the Court does not evaluate the merits of Plaintiff's fraud allegations at this time, the Court simply notes that less than expected investment returns can occur absent fraudulent activity.

Plaintiff also argues that Defendants' claim that Plaintiff is seeking a usurious amount of interest is without merit. ECF No. 69 at 7. The Court agrees with Plaintiff that this claim is likely without merit because claims for charging usurious amounts of interest are directed to any person making any loan, not a person seeking payment from an investment or loan under N.J.S.A. 31:1-1. Here, Plaintiff is an individual who participated in investment and loan opportunities with Defendants' cash advance business. In fact, Plaintiff claims Defendants charged him usurious rates of interest on his investments and loans. Simply stated, it does not make sense for Defendants to claim as a defense that Plaintiff is seeking usurious amounts of interest because Defendants were agents of the institution charging Plaintiff interest. Even though this claim is likely without merit, Defendants have other defenses that are at least facially meritorious.

Lastly, Plaintiff argues that Mr. Feinstein's argument that his wife was not involved in the fraud is not a defense. Plaintiff slightly mischaracterizes Mr. Feinstein's statement that his wife was not involved with the transactions relevant to Plaintiff's investments and account. Plaintiff states that Mr. Feinstein said that his wife was not involved in the fraud. Plaintiff's statement implies that Mr. Feinstein admitted he was involved in the fraud, but he did not. In Mr. Feinstein's declaration filed with Defendants' first Motion to Seat Aside Entry of Default [ECF No. 34], he states

> Plaintiff is suing people, like my wife, Chaviva Feinstein, who had nothing to do with these transactions, and are suing without any showing of her involvement whatsoever, without a showing of her knowledge of these transactions, and without a showing that she in any way conspired with the other Defendants in any way.

6

Mr. Feinstein's statements, if taken as true, do present a meritorious defense. If Mrs. Feinstein truly was not involved with Mr. Feinstein's business, then Plaintiff has no claim against her.

The Court finds that taking Defendants' claims as true, Defendants have presented a meritorious defense to Plaintiff's accusation that he was defrauded because he did not receive the high returns Defendants led him to believe that he would on his investments with Defendants' cash advance business.

### c. The Default Was Not the Result of Culpable Conduct on Behalf of Defendants.

Lastly, the Court finds that the delay in filing an Answer does not appear to be the result of Defendants' culpable conduct. Culpable conduct requires some finding of "willfulness" or "bad faith." *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984). "[T]he culpable conduct standard requires that...more than mere negligence be demonstrated." *Id*. at 1183. Here, Defendants argue the delay in filing an Answer resulted from a misunderstanding. Defendants argue that they believed Plaintiff's Complaint was dismissed and that they were waiting to file their Answer after Plaintiff filed an Amended Complaint. Plaintiff responds that Defendants should have asked him whether he intended to file an Amended Complaint. The Court is unclear whether Defendants thought their counsel was going to contact Plaintiff or whether Defendants did not understand that they should contact Plaintiff. Regardless, the Court does not find that either mistake amounts to culpable conduct. Further, Defendants have attached their Answer to this Motion, so clearly, they intended to file an Answer and do not intend to continually delay this action. Accordingly,

**IT IS** on this 11th day of December 2019,

**ORDERED** that Defendants' Motion to Vacate Entry of Default [ECF No. 67] is **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to separately file Defendants' proposed Answer (*see* ECF No. 67 pages 16-35) submitted with this Motion as Defendants' Answer; and it is further

**ORDERED** that this Order **terminates** ECF No. 67.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
